PALMER, J.
Mayfair International (the broker) appeals the final order entered by the trial court granting summary judgment in favor of appellee, David Del Gardo (the seller), based upon the finding that the broker was not entitled to recover a real estate commission. Concluding that the trial court erred in ruling that an accord and satisfaction occurred in this case, we reverse.
The broker sued the seller and others based upon an Exclusive Listing Agreement which had been executed by the parties. The Listing Agreement provided, among other things, that a ten percent commission would be paid to the broker on the gross sales price of the property, as well as on any options or fees, and that the entire commission would be due in cash at the time of closing. Sale of the property closed but, at the time of summary judgment, the broker had not yet received its total commission. The broker sued for the balance of the unpaid commission, as well as contractual attorney’s fees and costs, alleging that without its approval or consent, the buyer (Buena Vista Shores) had executed a separate agreement with the seller proposing to pay the broker a portion of its commission in cash at closing and the remaining balance in a balloon payment three years later, as evidenced by a promissory note. The complaint further alleged that the promissory note had been given to the broker, but the broker had not sought enforcement of same.
The seller filed an answer denying liability and asserting several affirmative defenses including equitable estoppel, waiver, accord and satisfaction, release, and payment.
The broker filed a motion for summary judgment, arguing that the evidence of record demonstrated that the seller had breached the term of the parties’ Listing Agreement. The seller responded by filing an affidavit in opposition to the motion stating that the broker had verbally agreed with the seller to be paid by the buyer. That motion was denied by the trial court. The seller then filed a motion for summary judgment on its affirmative defense of statutory accord and satisfaction.[1] The broker filed an affidavit in opposition to the motion stating, among other things, that it had never verbally or in writing agreed to modify any of its rights under the parties’ Listing Agreement. Upon review, the trial court found that statutory accord and satisfaction applied and entered a summary judgment accordingly. The broker challenges this ruling, arguing that the statute is not applicable to the instant facts. We agree.
Section 673.3111(4) of the Florida Statutes (2001) sets forth the elements of statutory accord and satisfaction, providing in relevant part:
*1241 673.3111. Accord and satisfaction by use of instrument
(1) If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliq-uidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, the following subsections apply.
* * *
(4) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant ... knew that the instrument was tendered in full satisfaction of the claim.
(Emphasis added).
The accord and satisfaction provisions set forth in this statute have no application to the instant facts because the instant lawsuit is based upon a claim for breach of the parties’ Listing Agreement, not an action on the promissory note. Additionally, Mayfair has not “obtained payment of the instrument” (i.e., the promissory note), nor attempted to collect on the note. Accordingly, the trial court’s ruling entering summary judgment on the basis of statutory accord and satisfaction must be reversed and this case remanded for further proceeding consistent with this opinion.[2]
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.

. See § 673.3111, Fla. Stat. (2001).

. The seller cross-appealed asserting that the trial court abused it discretion in denying his motion for leave to amend his answer to add a claim for attorney's fee. This claim is moot in light of this court’s order reversing the summary judgment, since the seller will be able to again seek leave to amend his answer to include a claim for attorney's fees.